IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK JOHNS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-924-GPM |
| | ) |
| **CHRISTINE K. JOHNS MITCHELL,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion to dismiss brought by Defendant Christine K. Johns Mitchell (Doc. 6). For the following reasons, the motion is **DENIED**.

### INTRODUCTION

In 1992 Nicole M. Johns, the mother of Plaintiff Patrick Johns, created a revocable inter vivos trust naming herself as trustee but providing, upon her death, for Patrick Johns and his sister, Christine K. Johns Mitchell, to serve as co-trustees. *See* Doc. 2, Ex. A § III(A), (B). *See also* Doc. 2 ¶ 7. The trust document provided for the creation upon Nicole M. Johns's death of a decedent's trust of which both Patrick Johns and Christine K. Johns Mitchell were named as beneficiaries. *See* Doc. 2, Ex. A § V(A), § VII(C). At the same time Nicole M. Johns executed a pour-over will providing for the residue of her estate to pass to the trust on her death, and naming Johns Mitchell as executor of the will. *See* Doc. 2, Ex. B Arts. II-III. In 1998 the trust agreement was amended to name Johns Mitchell and Terry C. Kaid as co-trustees. *See* Doc. 2, Ex. C. In 2005 Kaid's appointment as trustee was revoked, making Johns Mitchell the sole trustee. *See* Doc. 2, Ex. D. In March 2006 Kaid tendered his resignation as trustee. *See* Doc. 2, Ex. E. In May 2006

Nicole M. Johns died. *See* Doc. 2, Ex. F. In November 2006 Patrick Johns filed this lawsuit against Johns Mitchell, alleging that she has mismanaged the trust and misappropriated trust assets. Johns's complaint asserts claims for conversion and breach of fiduciary duty, and requests removal of Johns Mitchell as trustee, an accounting, imposition of a constructive trust, and declaratory relief. *See* Doc. 2. Federal subject matter jurisdiction is premised on diversity of citizenship. *See id*. ¶ 5. Johns Mitchell has moved for dismissal of Johns's claims on the basis of a related probate proceeding pending in the Circuit Court of the Second Judicial Circuit, Wabash County, Illinois. The motion to dismiss presents two issues: whether this action is precluded by the so-called "probate exception" to federal subject matter jurisdiction; and, if not, whether the Court should abstain from exercising jurisdiction. The Court considers each of these questions in turn.

## DISCUSSION

### A.    Probate Exception to Federal Subject Matter Jurisdiction

Although Johns Mitchell does not identify the specific procedural provision underlying her request for dismissal of this case under the probate exception, the Court deduces that it is Rule 12(b)(1) of the Federal Rules of Civil Procedure, which authorizes a court to dismiss an action for lack of subject matter jurisdiction. In evaluating a request for dismissal under Rule 12(b)(1), "the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citing *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993)). In order to determine if subject matter jurisdiction exists, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue[.]" *Id*. If the factual basis for subject

matter jurisdiction is contested, the plaintiff has the burden of bringing forward "competent proof" that subject matter jurisdiction exists. *Johnson v. Equitable Life Assurance Soc'y of U.S.*, No. 96 C 2418, 1997 WL 417409, at *2 (N.D. Ill. July 22, 1997). In other words, a plaintiff must prove to the court by "a preponderance of the evidence . . . that jurisdiction exists." *Villasenor v. Industrial Wire & Cable, Inc.*, 929 F. Supp. 310, 312-13 (N.D. Ill. 1996) (quoting *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995)).

Federal diversity jurisdiction requires, of course, that all parties to an action be of completely diverse citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). In this case the complaint alleges that Johns is a Louisiana citizen, Johns Mitchell is a Washington citizen, and more than $75,000, exclusive of interest and costs, is in controversy, and the Court has no reason to doubt these undisputed jurisdictional allegations. *See Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 n.1 (S.D. Ill. June 30, 2006) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). However, the exercise of federal subject matter jurisdiction is subject to the exception that, in general, "a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and § 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters." *Markham v. Allen*, 326 U.S. 490, 494 (1946). *See also Lloyd v. Loeffler*, 694 F.2d 489, 491-92 (7th Cir. 1982) (noting the traditional historical explanation of the origins of the probate exception and the closely-related "domestic relations exception" to federal jurisdiction, namely, that

at the time of the enactment of the first Judiciary Act probate and domestic relations matters were within the jurisdiction of English ecclesiastical courts, but calling it "unconvincing": "[I]t would be odd if the jurisdiction of England's ecclesiastical courts, theocratic institutions unlikely to be well regarded in America, should have been thought to define the limits of the jurisdiction of the new federal courts.").

The United States Court of Appeals for the Seventh Circuit has termed the probate exception to federal subject matter jurisdiction "one of the most mysterious and esoteric branches of the law of federal jurisdiction." *Dragan v. Miller*, 679 F.2d 712, 713 (7th Cir. 1982). *See also Georges v. Glick*, 856 F.2d 971, 973 (7th Cir. 1988) (noting that "[t]he precise scope of the probate exception has not been clearly established," and that, beyond the actual probate of a will, "the contours of the exception are vague and indistinct."). Fortunately, in *Marshall v. Marshall*, 126 S. Ct. 1735 (2006), the Supreme Court of the United States furnished very significant guidance in applying the exception. Before *Marshall*, this Circuit followed a practical approach to application of the probate exception whereby a federal suit ancillary to a state probate proceeding was deemed to be within the exception if the federal suit were likely to impair the policies served by the exception, specifically: the greater expertise of state courts in deciding probate-related matters arising under state law; advancing judicial economy by resolving in a single forum all matters regarding the transfer of a person's property at death; and avoiding unnecessary interference with state probate proceedings. *See Storm v. Storm*, 328 F.3d 941, 943-44 (7th Cir. 2003); *Dragan*, 679 F.2d at 714-17. In *Marshall*, however, the Court articulated a similar but more simple test of whether a case fits within the probate exception, namely: whether a federal plaintiff seeks an in personam judgment against a defendant, as opposed to the probate or annulment of a will or other relief

seeking to reach a res in the custody of a state court, and; whether sound policy considerations, specifically, the special proficiency of state courts with respect to the issues presented by a case, militate in favor of extending the probate exception to that case. *See* 126 S. Ct. at 1748-49.

This Court has no difficulty in concluding that this case does not come within the probate exception. In *Marshall* the Supreme Court specifically held that a claim based on a "widely recognized tort" such as tortious interference with an expectancy of an inheritance or gift is outside the exception. 126 S. Ct. at 1748. In this case Johns seeks in personam relief against Johns Mitchell for conversion and breach of fiduciary duty, claims that are not within the scope of the probate exception. *See Jones v. Brennan*, 465 F.3d 304, 307-08 (7th Cir. 2006) (a claim for breach of fiduciary duty is outside the probate exception); *Bleecker v. Krantz*, No. 05 C 7309, 2006 WL 2859621, at *3 (N.D. Ill. Sept. 27, 2006) (same); *Vito & Nick's, Inc. v. Barraco*, No. 05 C 2764, 2006 WL 2598048, at *2 (N.D. Ill. Sept. 6, 2006) (claims of tortious conversion and negligence were outside the scope of the probate exception). *See also Payne v. Hook*, 74 U.S. (7 Wall.) 425, 431 (1868) ("It is . . . well settled that a court of chancery, as an incident to its power to enforce trusts, and make those holding a fiduciary relation account, has jurisdiction to compel executors and administrators to account and distribute the assets in their hands."); *Hamilton v. Nielson*, 678 F.2d 709, 710 (7th Cir. 1982) (federal jurisdiction was proper in an action in which the plaintiff alleged that co-executors of a decedent's estate were negligent in handling the estate's stock).

Further, Johns's claims of conversion and breach of fiduciary duty are not within the special proficiency of a state court. *See Marshall*, 126 S. Ct. at 1748-49. *See also Kim Littlefield, DMD, P.C. v. Orthodontic Ctrs. of Ill., Inc.*, Civil No. 06-606-GPM, 2007 WL 273766, at *4 (S.D. Ill. Jan. 26, 2007) (noting the presumption that coordinate courts are equally competent to apply the

law). Although it appears that some of the relief sought by Johns concerns matters most properly addressed to a probate court (such as removing Johns Mitchell as trustee), this does not deprive the Court of jurisdiction. *See Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 50 (1909) (a federal court of chancery has jurisdiction, where the proper diversity of citizenship exists, to determine the interest of an heir in an alleged lapsed legacy and the consequent increase in the residuary estate, although the bill also asks for other relief which cannot be granted because it would interfere with the ordinary settlement of the estate in the state probate court). *See also* 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice & Procedure* § 3610 (3$^d$ ed. 1998 & Supp. 2006) (noting that a federal court may entertain a suit that will establish a claimant's right in a binding way in state probate proceedings, although the federal court "may not directly order the distribution of property in the custody of a state court.") (collecting cases). The Court declines to dismiss this case on the basis of the probate exception to federal jurisdiction.

   **B.**  **Abstention from Exercise of Jurisdiction**

  Having concluded that this case is not within the scope of the probate exception, the Court turns to the matter of whether abstention is proper in this case. It is common in cases related to a state-court probate matter for federal courts to consider refraining from the exercise of jurisdiction under one or more of the settled doctrines governing abstention. *See Rice v. Rice Found.*, 610 F.2d 471, 477-78 (7th Cir. 1979). *See also* Peter Nicolas, *Fighting the Probate Mafia: A Dissection of the Probate Exception to Federal Court Jurisdiction*, 74 S. Cal. L. Rev. 1479, 1528-29 (2001). In this instance Johns Mitchell requests that the Court abstain pursuant to the doctrine enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), that in

"exceptional" circumstances a federal court may refrain from exercising jurisdiction in the interest of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. at 817-18.

In evaluating the propriety of *Colorado River* abstention, the Court proceeds, of course, from the assumption that it is inappropriate. "[T]he federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,'" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colorado River*, 424 U.S. at 817), and, correspondingly, there is a "presumption . . . against abstention." *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 10 F.3d 425, 430 (7th Cir. 1993). To determine the appropriateness of abstention, a court should balance numerous factors, including: whether a state court presiding over a parallel proceeding has assumed jurisdiction over property; the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; the order in which jurisdiction was obtained by the concurrent forums; the source of governing law; the adequacy of the state court action to protect the federal plaintiff's rights; the relative progress of state and federal proceedings; the presence or absence of concurrent jurisdiction; the availability of removal; and the vexatious or contrived nature of the federal claim. *See Starr v. Levin*, No. 02 C 2258, 2002 WL 1941375, at *3 (N.D. Ill. Aug. 21, 2002) (citing *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989)). *See also Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir. 1992). The factors are to be weighed "flexibl[y]," *Starr*, 2002 WL 1941375, at *3, and the decision regarding abstention is committed to a court's discretion. *See Ericksen v. Village of Willow Springs*, 876 F. Supp. 951, 957 (N.D. Ill. 1995).

Having carefully considered the relevant factors, the Court concludes that abstention is

inappropriate in this case. The gist of Johns Mitchell's argument for abstention is simply that this case is duplicative of parallel state-court litigation. If true, this does not, in and of itself, justify *Colorado River* abstention. *See Midwest Dental Prods. Corp. v. Kinetic Instruments, Inc.*, No. 89 C 7289, 1990 WL 19973, at *3 (N.D. Ill. Feb. 23, 1990) ("[M]ere duplicative litigation pending in state court does not provide a sufficient reason for a federal court to abstain."). In a system of coordinate courts, duplicative litigation is to be expected; it is, so to speak, a cost of doing business. *See, e.g., Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928 (1975) (noting that "the interest of avoiding conflicting outcomes in the litigation of similar issues, while entitled to substantial deference in a unitary system, must of necessity be subordinated to the claims of federalism[.]"; also, "the very existence of one system of federal courts and 50 systems of state courts, all charged with the responsibility for interpreting [a single body of law], suggests that on occasion there will be duplicating and overlapping adjudication of cases which are sufficiently similar in content, time, and location to justify being heard before a single judge had they arisen within a unitary system."). The basic purpose of *Colorado River* abstention is to prevent conflicting rulings with respect to specific real or personal property. *See, e.g., Colorado River*, 424 U.S. at 819-20 (holding that abstention was warranted in a suit concerning water rights). *See also Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) ("While duplicative litigation is permitted, *Colorado River* prevents . . . piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property.") (emphasis omitted).

This suit, which, as discussed, seeks in personam relief against Johns Mitchell, does not present the danger of piecemeal rulings with respect to property or a res in the custody of a state court, although the Court recognizes that the need may arise to coordinate these proceedings to some

extent with the related state-court probate proceedings. Johns Mitchell has failed to show any exceptional circumstances such as to overcome the presumption against *Colorado River* abstention, which requires the "clearest of justifications." *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 549 (7th Cir. 1997) (quoting *Colorado River*, 424 U.S. at 819). *See also Sharkey's, Inc. v. City of Waukesha*, 265 F. Supp. 2d 984, 988 (E.D. Wis. 2003) (noting that abstention under *Colorado River* "should be rare"); *Adams v. West Bend Mut. Ins. Co.*, No. 92 C 20359, 1993 WL 114558, at *2 (N.D. Ill. Apr. 5, 1993) (quoting *Growe v. Emison*, 507 U.S. 25, 32 (1993)) (stating that "in only 'rare circumstances' should [a] federal court abstain or defer to state proceedings."); *Hart v. Valspar Corp.*, No. 92 C 20036, 1992 WL 280407, at *1 (N.D. Ill. Sept. 22, 1992) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)) ("Abstention is the exception, not the rule, and should be rarely invoked, 'because the federal courts have a . . . virtually unflagging obligation . . . to exercise the jurisdiction given them.'"). Accordingly, the Court denies Johns Mitchell's request for abstention.

## CONCLUSION

For the foregoing reasons, the motion to dismiss brought by Defendant Christine K. Johns Mitchell (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 2/13/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge